225 So.2d 861

**Willie Elmer WILLIAMS and Lucy Henry Williams**

v.

**Sara Rebecca POPE.**

2 Div. 511.

Supreme Court of Alabama.

Aug. 7, 1969.

Gary P. Smith, Johnston & Shores, Birmingham, for appellants.

N. T. Braswell, III, Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.

HARWOOD, Justice.

This is the second appeal in this case, which involves the adoption of an infant child. The concluding paragraph of the opinion in the first appeal (Williams v. Pope, 281 Ala. 416, 203 So.2d 271, is as follows:

> *"Based upon the evidence in this record, we would hold that the overwhelming evidence in this case would support a decree in favor of the adoption.* But since the trial court improperly excluded evidence required by the statute to be introduced and considered, whether acted upon or not, the decree must be reversed and the cause remanded. Owing to the nature of this case, it will not be necessary for the same testimony in the present record to be retaken, at another trial, but if the trial court so desires, the evidence may be limited to the introduction of the report required by Tit. 27 § 2, Code 1940, the cross-examination of the agent or agents who conducted the investigation, and any pertinent rebuttal." (Emphasis ours.)

The improperly excluded evidence mentioned in the portion of the opinion above set forth was the report to the court of the investigation to be made by officals of the Department of Pensions and Security in adoption proceedings.

Upon the second trial the suggestion in our first opinion as to the limitation of the evidence that might be received in the second hearing was followed. It was stipulated that the cause be submitted upon the evidence taken in the first trial, and three reports made by a representative of the Department of Pensions and Security.

One of these reports was introduced by the complainant-appellee. It is an "Evaluation of the home of Mrs. Sara Rebecca Jones Pope."

The respondent-appellant introduced two reports, one made to the Probate Court of Marengo County during the pendency of the adoption proceedings in that court, prior to the removal of such proceedings to the Circuit Court. This report concerns the fitness of Willie and Lucy H. Williams as adoptive parents. The report concludes:

"They are morally fit and appear in every way excellent foster parents who can provide a good free home for a child."

The second report introduced by the respondent-appellants is an "Evaluation of the home of Mr. and Mrs. Willie Williams."

As to the respective home evaluation reports, we·need only note that there is nothing of derogatory substance in the reports as to either home.

After submission of the cause, the Chancellor entered a decree again ordering, adjudging, and decreeing that:

"The custody of the child, Cynthia Kay Pope, is hereby restored to her natural mother, the complainant, Sarah Rebecca Pope, and the Respondents have no further right to the custody of said child."

█ We find nothing in the additional evidence submitted in the second hearing (the three reports above mentioned) in anywise persuasive that our view expressed in the first review that:

"Based upon the evidence in this record, we would hold that the overwhelming evidence in this case would support a decree in favor of the adoption."

The necessary evidence in the form of the three reports is now in the record. If anything because of the highly favorable report as to the Williams' home, they tend to strengthen the view expressed above.

The decree now before us is therefore due to be reversed.

It· is also hereby ordered, adjudged, and decreed that the custody of the child, Cynthia Kay Pope is awarded to the appellants herein, and that she be deemed the legally adopted child of Willie Elmer Williams and Lucy Henry Williams, as prayed for in their cross bill filed in the proceedings below.

■ █ In brief counsel for appellee assert that the decree below should be affirmed because appellant has grouped for argument assignments of error 1 through 6, and assignment 9.

Assignment of error No. 2 questions the sufficiency of the evidence to support the decree rendered.

Counsel for appellant in brief has set out the material substance of the new evidence reflected in the three reports of the Department of Pensions and Security.

Counsel for appellee contends that since appellant did not set out in narrative form a condensed recital of the evidence given by each witness testifying in the first trial, but only a condensed recital of the contents of the reports above referred to, the sufficiency of the evidence cannot be considered, and assignment of error No. 2 must be deemed faulty under the provisions of Supreme Court Rule 9. Therefore, counsel contends none of the assignments should be considered under the rule that if several unrelated assignments are argued in bulk, and one is without merit, consideration of the other assignments in the group will be pretermitted on appeal.

This court has already indicated its views in the first appeal that on the record then before it the evidence was overwhelming in its tendencies that the welfare of the child would be best served by awarding her custody to Mr. and Mrs. Williams. This, after the evidence was set forth in detail in the opinion in the first appeal. By stipulation the transcript of the evidence of the first trial was introduced as evidence in the second trial. The only additional evidence received in the second trial was the three reports from the Department of Pensions and Security. A condensed recital of the purport of these reports has been set out in appellant's brief.

It would be hypertechnical to hold·that under the conditions of this appeal Rule 9 has been so faulted as to prevent a consideration of the evidence which is identical in every respect with that already considered on the first appeal and ·which we then regarded as clearly insufficient to

support the decree. The reversal was nec-; essary solely because of the Chancellor's action in refusing to permit the reports in evidence.

Counsel for appellant has also strenuously argued that we again consider the validity of holding in the first appeal relative to the revocation of the consent to adoption given by Mrs. Pope, and has in effect put forth the same arguments as made on the first appeal. We adhere to our views expressed in the opinion in the first appeal.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.