288 So.2d 142

Clyde E. GRAVES, Sr. and
Joyce B. Graves

v.

Peggy Rector GRAVES.

Civ. 262.

Court of Civil Appeals of Alabama.

Dec. 26, 1973.

Charles S. Street, Mobile, for appellants.

Joseph J. Boswell, Mobile, for appellee.

**HOLMES, Judge.**

This is an appeal from a decree of the Probate Court of Mobile County allowing the appellee to withdraw her previously given written consent for the adoption of her child and revoking a prior interlocutory order of adoption issued in favor of the appellants.

At the outset, it is necessary that we note there is no record before this court of the testimony heard *ore tenus* by the trial court. However, there is a detailed finding of fact by the court and, from this, the following is revealed.

The appellee, natural mother, married at fifteen years of age. Thereafter, in January 1972, when appellee was approximately seventeen years of age, a child was born of the union. In October of 1972, appellee and her husband separated. An agreed divorce was granted with the father, pursuant to the agreement entered into by the parties, being granted custody. On the same day as the aforesaid agreement was entered into, appellee signed a consent form for the natural paternal grandparents to adopt the child.

The record indicates that in January of 1973, the appellants, the natural paternal grandparents, filed a petition for adoption and, after appropriate legal process, the court issued an interlocutory decree of adoption.

Within the period of time before the final order of adoption could be granted, see Code of Ala., Tit. 27, § 4, the appellee filed her petition to withdraw her consent and revoke the interlocutory order. After a hearing *ore tenus*, the petition of appellee was granted.

The trial court specifically found in its finding of fact the following: That the appellee was a good mother and adequately cared for her child until she relinquished custody to appellants; further, that at the time the appellants obtained custody the child was nine and one-half months old and has been with the appellants at all times since they obtained custody, a period of approximately six months (up to the date of the hearing); that the appellee visited the child every weekend since she has been with the appellants; and that since the appellee relinquished custody she has completed her high school education, is gainfully employed by a bank, is of good character, and lives with her parents who are of the highest integrity. The court further stated that the maternal grandmother was not employed and was ready, willing and able to care for the child during appellee's working hours.

Additionally, the court found that appellants were of the highest integrity and their character and reputation is unimpeachable; that both appellants were employed on a full time basis; and the child was in the care of a baby-sitter during working hours.

The court found from the evidence, as we understand its finding of fact, that the written consent for adoption given by ap-

pellee was not obtained by undue influence, coercion, fraud, or other improper methods. However, the court stated in its finding that in the court's opinion the best interest of the child ultimately would be served by returning her to her mother-appellee.

As noted earlier, the court revoked its interlocutory order of adoption and allowed appellee to withdraw her consent for adoption. The probate court did not order the child returned to her mother as it was without authority, in this instance, to do so.

It is the position of able counsel for the appellant that the court erred in the above action since the consent of the natural mother was not obtained by improper means, and that a decree allowing her to revoke the consent under the facts of this case would be disastrous to the integrity of our adoption statute and procedure. Appellant, in support of his position, relies on Williams v. Pope, 281 Ala. 416, 203 So.2d 271.

In *Williams, supra,* our supreme court, speaking through Mr. Justice Merrill, quoted with approval the following contained in In re Holman's Adoption, 80 Ariz. 201, 295 P.2d 372:

" 'The direct question of whether this consent is revocable is of first impression in this court. In view of our holding, however, that the best interest of the child is the paramount consideration of the court and in view of our interpretation of section 27-203, supra, relating to consent we hold that a consent once given by the parent or other persons having the authority to give such consent, may not be revoked *after the child had been placed in the possession of the adoptive parents except for legal cause shown,* [emphasis theirs] as where such consent was procured through fraud, undue influence, coercion or other improper methods. *Provided always, however, that the court may permit said revocation where upon hearing, it is shown that it will be for the best interest of the*

*child that it be returned to its natural* parents. [emphasis added] Or if there are no parents, if it appears upon hearing that the best interest of the child will not be promoted by its adoption by the proposed adoptive parents, the adoption will be denied.' " (281 Ala. at 421, 203 So.2d at 275)

Mr. Justice Merrill stated that this holding was in accord with Tit. 27, § 4 of our code.

It appears to this court that a consent for adoption once given may not be revoked after the child has been placed in the possession of the adoptive parents except for legal cause as defined in *Holman's, supra.* However, as the supreme court states in *Williams, supra,* the court may additionally permit revocation where, upon hearing, it is shown that it will be for the best interest of the child that it be returned to the natural parents. In other words, the consent, before a final decree of adoption is entered, may be revoked for legal cause or where the best interest of the child would be served by a return to its natural parents. It was on the latter basis, as this court understands the trial court's order, that the trial court took the action that it did.

As we noted earlier, we do not have before us a record of the testimony in this matter, and we find the following in the trial court's findings:

"However, it is the opinion of the Court, based upon all the evidence presented in this case, *some of which is set forth above in this finding of fact,* that it will be in the best interest of Joy Michelle that she be returned to the care and custody of her natural mother, Peggy Rector Graves." [emphasis added]

The law in Alabama is clear that where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us, we cannot disturb such finding of fact. See Hagler v. Hagler, 50

Ala.App. 266, 278 So.2d 715; Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274; Mason v. Mason, 276 Ala. 265, 160 So.2d 881; Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785.

 Furthermore, the findings of a probate judge on evidence *ore tenus* is like a verdict of a jury, and will not be disturbed except for grounds warranting setting aside a jury's verdict. Rogers v. McLeskey, 225 Ala. 148, 142 So. 526.

 The trial court found from all the evidence that the best interest of the child would be served by its ultimate return to the care of its natural mother and, therefore, the court allowed the mother to withdraw her consent to adopt. As seen from the above, all the evidence upon which the court made its determination is not before us, and we have no alternative but to affirm the court's decree.

Our affirming the court's action should in no way be interpreted as encroaching on the integrity of our adoption system, but our action is limited to the particular facts of this case. We take note of the family relationship of the parties, particularly their joint role in the life of the child and, further, that no order of final adoption had been entered (i. e., the petition was filed within the interlocutory period). See Code of Ala., Tit. 27, § 4, wherein it provides:

> " 'At any time before the entry of such final order of adoption, (at least six months after the interlocutory order) the court may revoke its interlocutory order for good cause, either of its own motion or on the motion' of the agents of the department, the natural parents or the adoptive parents." (Williams v. Pope, 281 Ala. at 421, 203 So.2d at 275)

While what follows may be considered inappropriate to some, we would be remiss in our judgment in not commenting that a child not only needs the love, care and attention of his or her parents or parent, but if fortunate enough to have living grandparents, deserves to have the love and asso-ciation with its grandparents. Particularly is this true in this case where the appellant-grandparents' love and affection for their grandchild is so obviously apparent.

We have considered all of the argued assignments of error and, finding no ground for reversal in any of them, we hold the decree of the probate court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.