This is an adoption case.
Only facts essential to this decision are herein summarized.
The appellants, a husband and wife, petitioned the probate court for the adoption of a six month old infant. Catholic Social Services, who had been granted custody of the child by the juvenile court and who had further been designated to investigate the adoption petition, consented to the adoption. At no time was any testimony heard by the court, the only evidence ever before the court being a report, as supplemented, of Catholic Social Services which not only passively approved the adoption, but also affirmatively supported it. There were no negative facts in the report contra to approving the adoption.
On November 28, 1979, the learned probate judge rendered a judgment denying the petition for adoption as not being in the minor's best interest and further finding that petitioners were not the proper persons to adopt this particular child. Within thirty days thereafter, the appellants filed a motion for a new trial. The probate judge did not rule upon such motion, and the appellants filed their notice of appeal within forty-two days of the ninetieth day after the filing of the motion for a new trial.
 JURISDICTION
This court ex mero motu raised the issue of whether Rules 59 and 59.1, ARCP, applied to the Olsons' motion for a new trial. If those rules do not apply, the appeal is tardy and this court is without jurisdiction.
Section 12-13-12, Code of Ala. 1975, provides as follows:
 The provisions of this Code in reference to evidence, pleading and practice, judgments and orders in the circuit court, so far as the same are appropriate, . . . in the absence of express provision to the contrary, are applicable to the proceedings in the probate court.
With regard to the practice in the probate courts, the appellants' timely filed motion for a new trial was in strict accordance with Code § 12-13-11, which specifically authorizes the filing of a motion for a new trial in probate courts on enumerated grounds within thirty days from the entry of judgment. That Code section further permits the probate court to grant such motion and to tax costs. No further guidance whatsoever is prescribed for the handling and disposition of motions for new trials in the probate court. There are no specific provisions governing the handling of motions for new trials in the adoption statutes. Thus, under § 12-13-12, the probate court must look to the provisions of the Code in reference to pleading and practice in the circuit court.
The sole language governing the practice and procedure for the disposition of a motion for a new trial in the circuit courts is found in ARCP Rules 59 and 59.1, which were enacted pursuant to the authority granted to the Supreme Court of Alabama by § 12-2-7 (4), Code of Ala. 1975. Thus, under §12-13-12, the practice in the probate courts with regard to the necessity of presentation of motions for a new trial is governed by ARCP Rule 59 (g) and by ARCP Rule 59.1 as to the disposition of motions for new trials.
To read Rule 1 (a), ARCP, in harmony with other applicable statutes and rules, a party appealing an order of a probate court in an adoption proceeding must first strictly proceed in compliance with procedures prescribed by the codified adoption statutes. If those statutes do not make reference to particular procedures applying to new trial motions, then the litigant must look to the statutory procedures governing probate courts. If neither the probate court Code sections nor the adoption statutes make reference to the particular motion for a new trial practice, then the litigant must abide by procedures applicable to the circuit courts. This is the only construction *Page 1016 
of the various statutes and rules governing procedure to apply to motions for new trials in the probate courts which effects an integrated procedural system. Rule 1 (b), ARCP.
We, therefore, find that the notice of appeal was timely filed in this case since Rules 59 and 59.1, ARCP, apply to motions for new trials filed in the probate court.
 MERITS
The report of Catholic Social Services, which highly recommended the adoption, is analogous to a report of a master and is due to be accorded the weight of a jury verdict.Williams v. Pope, 281 Ala. 416, 203 So.2d 271 (1967), appealafter remand, 284 Ala. 456, 225 So.2d 861 (1969); Claunch v.Entrekin, 272 Ala. 35, 128 So.2d 100 (1961). As such, the report of Catholic Social Services should not have been disturbed unless the probate court, on a review of the evidence, was convinced that such report was palpably and plainly wrong. Patterson v. Lovelady, 233 Ala. 554, 172 So. 646
(1937). No evidence in addition to the report, as supplemented, was ever presented to nor allowed by the probate court. Therefore, the report of Catholic Social Services stands as the sole evidence before the court and is equivalent to a jury verdict in favor of granting the adoption. The probate court was not justified in denying the adoption under any part of the only evidence which the court had before it, the report. The trial court should have granted the Olsons' motion for a new trial. We reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Ala. 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 1196