This is an adoption case.
The Probate Court of Shelby County, Alabama entered a final decree of adoption on February 14, 1980 declaring that the infant daughter of Pamela Sue Hanlon (Sullivan) was the legally adopted child of William Joe and Jean W. Mooney. The mother appeals; we affirm.
Appellant is a seventeen year old minor residing in Seymour, Indiana. In December 1978 she gave birth in a Seymour Hospital to a baby girl, Julia Ann Hanlon. Appellant was not married to the putative father of the child at the time of its birth but has since married another man and continues to reside in Indiana. Mrs. Sullivan was not *Page 556 
aware that she was pregnant with Julia Ann until July 1978 when she was so informed by her physician, Dr. Martin Maasen.
Dr. Maasen became acquainted with Mr. and Mrs. Mooney while he was a resident physician at the University of Alabama in Birmingham and over the course of his residency had developed a close friendship with them. Appellees are, and have been for some time, residents of Pelham, Alabama. Mr. Mooney manages a service station business and owns and operates a lawn service business. His combined yearly income from these businesses is approximately $70,000. Mrs. Mooney is not presently employed and is thus able to devote full time to the care of her fifteen year old son by a former marriage and Julia Ann.
In September of 1978 Fred DeMarco, a former assistant to Dr. Maasen, informed Mr. and Mrs. Mooney that the doctor might be able to procure a child for them which they could adopt. Mr. Mooney thereafter telephoned Dr. Maasen who told him that he knew of a young lady who would by willing to give up her child for adoption.
From July to October of 1978 appellant and Dr. Maasen discussed what was to be done with the baby after its birth. It appears from the record that Dr. Maasen encouraged appellant to place the child for adoption. His theory was that appellant, because of the manner in which the child was conceived, would not love the child and as a result would not properly care for it. Appellant's mother testified that she tried to convince appellant that the doctor's statements were not necessarily true and that she might want to keep the child.
On October 28, 1978 appellant signed a written consent to adoption in Seymour, Indiana whereby she consented to the adoption of her then unborn baby by appellees upon its birth. Paragraph six of this consent form stated that:
 I [i.e. appellant] do hereby give my complete consent to the adoption of my child by William Joe Mooney and wife, Jean W. Mooney, in accordance with and with the effect given by the laws of the State of Alabama pertaining thereto, and I further consent and request that the Judge of Probate of Shelby County, Alabama, make all such orders and decrees as may be necessary or proper to effectuate said adoption.
When appellant gave birth to her baby daughter in December 1978, Dr. Maasen notified appellees of the birth. Appellees immediately travelled to Indiana, obtained physical possession of appellant's daughter, and returned with her to Alabama. Several weeks after giving birth to her daughter, appellant informed Dr. Maasen that she wanted her child back. Dr. Maasen replied that appellant's chances of obtaining the custody of her daughter were very slim.
On January 29, 1979 appellees filed a petition for adoption of the child with the Probate Court of Shelby County, Alabama.
On March 7, 1979 appellant filed a motion with the court seeking to revoke her consent to appellees' adoption of her child. After an ore tenus hearing on the merits of the petition for adoption that same day, the probate court, on March 26, 1979, entered an interlocutory order disallowing appellant's attempted revocation of her consent to the adoption of her child by appellees and directing the adoption proceedings continue under the laws of Alabama.
In refusing to allow appellant to revoke her consent, the court found as a fact that she voluntarily signed the written consent to adoption and that such was not obtained through the use of fraud, coercion, mistake, misrepresentation or undue influence. This finding was incorporated into the court's February 14, 1980 final decree of adoption declaring that appellant's child should thenceforth be legally recognized as appellees' child and that her name should be changed to Melana Susan Mooney.
On March 17, 1980 appellant, pursuant to Rule 59 of the Alabama Rules of Civil Procedure, moved the probate court to vacate, alter, and amend its interlocutory and final orders in this case on the ground, inter alia, that the findings upon which it based these orders were contrary to the applicable law. *Page 557 
The probate court never ruled on this motion. Accordingly, it was denied on June 16, 1980, ninety days after it was originally filed with the court. ARCP, Rule 59.1. Appellant filed a timely notice of appeal with this court.
The first issue raised in brief to which we will direct our attention concerns appellant's contention that the validity of her consent to the adoption of her child be decided according to Indiana law rather than Alabama law.
Initially we note that appellant did not notify appellees in her pleadings or in any other written memoranda prior to entry of a final decree by the probate court of her intent to contest the court's subject matter jurisdiction over this cause on the basis of a foreign law, i.e. its authority to decide the validity of the consent to adopt on the basis of Indiana law. Ordinarily, the giving of such notice would be a condition precedent to the maintenance of a defense grounded upon foreign law to appellees' petition for adoption pursuant to the laws of this state. Semo Aviation, Inc. v. Southeastern Airways Corp., Ala., 360 So.2d 936 (1978); ARCP 44.1. Although appellant did not notify appellees prior to the final adoption decree of her intent to rely on Indiana law to void her consent to the adoption, she did tangentially inform appellees of this intent in her motion to vacate, alter or amend the final decree. Nevertheless, absent other compelling circumstances, appellant should be precluded from raising for the first time on appeal the validity of the adoption proceedings on the ground that her consent to the adoption was null and void according to Indiana law. See Unwed Father v. Unwed Mother, Ind. App., 64 Ind.Dec. 8,379 N.E.2d 467 (1978); Ind. Code § 31-3-1-6 (1980). We believe, however, that such a compelling circumstance does exist and thus we are required to consider appellant's argument.
Appellant's contention that Indiana law should determine the validity or invalidity of her consent to adoption is in effect a suggestion that the trial court was without subject matter jurisdiction to decide the adoption request, for we have held that where a mother has not consented to the adoption of her child an Alabama court has no jurisdiction to permit that child to be adopted. See Davis v. Turner, Ala.Civ.App.,337 So.2d 355, cert. denied Ala., 337 So.2d 362 (1976); Code of Alabama 1975, § 26-10-3, ARCP 12 (h)(3).
Of course, the lack of subject matter jurisdiction may be raised at any time before or during the trial or even on appeal by any party or by the court before which the case is being tried or to which an appeal has been taken. Norton v. Liddell,280 Ala. 353, 194 So.2d 514 (1967); Wells v. Wells, Ala.Civ.App., 376 So.2d 750 (1979); ARCP 12 (h)(3). Should it appear that a court before which a case is being heard lacks subject matter jurisdiction, its disposition on the merits must be set aside. See generally Pacific National Insurance Co. v.Transport Insurance Co., 341 F.2d 514 (8th Cir. 1965), cert.denied, 381 U.S. 912, 85 S.Ct. 1536, 14 L.Ed.2d 434 (1965). Thus, the adoption decree in the case at bar would have to be set aside if the trial court was without subject matter jurisdiction as suggested by appellant.
All of the events surrounding appellant's execution of the consent to adoption occurred in Indiana and the consent was, in fact, given in Indiana. However, the validity of a consent to an adoption is generally determined by reference either to the laws of the state in which the adoption proceedings are commenced or the laws of that state in which, according to the consent form such proceedings will be initiated or by which the form indicates that its validity will be judicially determined.See In re Adoption of a Minor Child, 127 F. Supp. 256 (D.D.C. 1954); Matter of Appeal in Pima County Juvenile Action,118 Ariz. 437, 577 P.2d 723 (Ariz.App. 1977), aff'd, 118 Ariz. 428,577 P.2d 714 (Ariz. 1978); Susko Adoption, 363 Pa. 78,69 A.2d 132 (1949).
The consent form signed by appellant clearly shows that the consent being given by appellant was for an adoption to take place in Alabama. Appellant knew *Page 558 
from the beginning that appellees were residents of Alabama and were going to take the child to Alabama where they would institute adoption proceedings. Furthermore, the consent form provided that appellant was giving her consent to the adoption of her child in accordance with the laws of Alabama. Based on these circumstances we believe that the validity of appellant's consent should be determined according to Alabama law.
Adoption of a child in this state is purely statutory and such statutes must be strictly adhered to. Davis v. Turner,supra. Section 26-10-3 of the Code of Alabama 1975 requires the consent of the parents in order for an adoption to be effectuated. However, if the child is illegitimate, the mother's consent will suffice if her parental rights have not been terminated, except that the unwed father must be given notice and an opportunity to be heard where paternity has been established, or where his name and address appear on the petition, or where the name and address of the father are otherwise known to the court.
It is undisputed that the child was illegitimate, that the natural mother's parental rights had not been terminated, that the child's paternity had not been established, that the name and address of the father were not shown on the petition, and that the father's name and address were not otherwise known to the court. Under these circumstances appellant's consent to the adoption of her child was sufficient to permit the trial court to go forward with the adoption proceedings. Whether appellant gave her consent orally or in writing, before or after the birth of the child, even though she was a minor at the time of the consent does not militate against this conclusion. SeeDavis v. Turner, supra. Thus appellant's consent to the adoption was presumptively valid from the moment she signed it unless such presumption can now be rebutted.
Under Alabama law, an otherwise valid consent to an adoption may be revoked only for "legal cause." Davis v. Turner, supra.
Obtaining the consent of a mother to the adoption of her child by fraud, mistake, coercion or undue influence can be "legal cause" for the revocation of her consent to the adoption.Williams v. Pope, 281 Ala. 416, 203 So.2d 271 (1967), appealafter remand, 284 Ala. 456, 225 So.2d 861 (1969); Davis v.Turner, supra. By the same rationale, a decision by the trial court that the child's best interests would be served by being returned to its natural mother could also be "legal cause" for revoking the mother's consent to adoption. Willams v. Pope,supra. Based on the record evidence in this case, we cannot say that the trial court's conclusion that the appellant voluntarily consented to the adoption and that such adoption would be in the child's best interests is so erroneous as to require a reversal of its decree. Walker County Department ofPensions Security v. Mason, Ala.Civ.App., 373 So.2d 863
(1979).
Appellant's next contention is that the decree of adoption should be set aside because the child was brought into Alabama in violation of § 38-7-15 and § 44-2-20, Code of Alabama 1975.
Section 38-7-15 does prohibit a person from bringing a child into Alabama for its adoption without first obtaining the consent of the Department of Pensions and Security. However, for a violation of this law only a criminal penalty is provided. § 38-7-16, Code of Alabama 1975. There are no provisions in said section requiring the adoption proceedings to be set aside for a violation thereof, although such a result might be required under the provisions of § 44-2-20 of the Code. However this section of the Code did not become effective until January 1, 1980. All court orders and proceedings in the case at bar had been issued and completed in 1979 except the final adoption decree which was rendered on February 14, 1980.
In Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978), we said:
 Whether a statute operates prospectively or retrospectively is a matter of legislative intent. Statutes generally will be held to operate prospectively unless the *Page 559 
purpose and intention of the legislature to give them a retrospective effect clearly appears. Fuqua v. Fuqua, 268 Ala. 127, 104 So.2d 925 (1958); Bell v. Mar-Mil Steel Supply Co., 54 Ala. App. 432, 309 So.2d 471 (1975).
After a careful review of § 44-2-20, we are unable to discern any intent that its provisions be applied retrospectively. For the enumerated reasons, we conclude that §§ 38-7-15 and 44-2-20
cannot be used to invalidate the trial court's final decree of adoption.
Appellant's final contention is that the trial court erred by not according an Indiana decree of February 29, 1980 declaring the consent to the adoption of her child null and void full faith and credit in accordance with article IV, § 1 of the United States Constitution. We disagree.
A final decree of adoption was rendered by the trial court on February 14, 1980, fifteen days before the Indiana decree was handed down. Hence, there was no final decree of an Indiana court for the trial court to give full faith and credit to when it entered its final judgment of adoption. In Pruitt v. Key,281 Ala. 433, 203 So.2d 450 (1967) the Alabama Supreme Court observed:
 The full faith and credit clause of the United States Constitution does not compel a court to set aside a judgment rendered in an action involving the same issue which is subsequently adjudicated with a different result by a court of a sister state. To so conclude would result in giving greater faith and credit to the judgment of the other state than to the judgment duly entered in the court of the state rendering the first judgment. Hammell v. Britton, 19 Cal.2d 72, 119 P.2d 333.
The failure of the trial court to accord full faith and credit to the Indiana decree does not amount to reversible error.
Finding no error in the judgment of the probate court, its final decree of adoption is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.