Teresa Gayle Seals Lawshe, was married to Carl Milton Seals, the son of Jackie Berlin Seals and Dottie Lou Seals, on March 9, 1979 in Mobile County, Alabama. Teresa was fifteen years old at the time. One child was born to this marriage, Jenny Lynn Seals, on November 5, 1980. Subsequent to the birth of the child, Teresa and Carl experienced a breakdown in their marital relations, which resulted in at least two separations for a substantial period of time. Teresa and Carl remained separated continuously until March of 1982 when they went to an attorney to sign divorce and adoption papers. Jackie and Dottie Seals (the grandparents) were also present at this time. Both Teresa and Carl were presented with a series of documents, including a divorce agreement, an answer and waiver, a petition for adoption, and a consent for adoption. According to the trial record, each of the documents was read by all of the parties and was explained, after which all documents were properly executed by Teresa, Carl and the grandparents. Teresa at no time told the attorney that she did not understand the consent to adoption.
Subsequent to executing the divorce and adoption papers, Teresa moved to Mississippi. A judgment of divorce was thereafter rendered and provided that the grandparents should have custody of the minor child and that Teresa and her exhusband should have reasonable rights of visitation with their child. The trial record reflects that Teresa showed little concern for the minor child after she moved to Mississippi. During the period that Teresa lived in Mississippi, the grandparents refused to allow her to take the minor child from their home, fearing for the welfare of the child. However, they did allow Teresa to visit with the child in their home.
The petition for leave to adopt and consent to adoption were filed in the Probate Court of Mobile County, Alabama on March 16, 1982 and were scheduled for hearing on May 13, 1982. Teresa retained an attorney, and he advised the court that Teresa no longer consented to the adoption. The adoption hearing was rescheduled for July 28, 1982.
After several hearings the trial court entered an order disallowing Teresa's revocation of consent and granting an interlocutory order of adoption. The final order of adoption was entered on January 6, 1983 and Teresa appealed.
Teresa's argument is centered upon her contention that the probate court erred in denying her attempted revocation of consent to adopt. She further contends that this consent to adoption should be revoked because it was procured through fraud, undue influence, and coercion.
The court in Williams v. Pope, 281 Ala. 416, 203 So.2d 271
(1967), held that the consent to adopt by the natural parent may not be revoked after the child has been placed in the possession of the adoptive parents except for legal cause shown or where such consent was procured through fraud, undue influence, coercion, or other improper methods. The court further stated that a subsequent unilateral change of mind by the natural parent could not amount to such legal cause.
Although Teresa alleges that the trial court erred in not accepting the revocation of consent, she failed to offer evidence sufficient to satisfy the finder of fact that any legal cause justifying revocation existed.
According to the record, Teresa, desirous of obtaining a divorce, agreed that custody *Page 1251 
of her minor child be given to the grandparents, and further voluntarily and knowingly consented to the grandparents' petition to adopt. Teresa complains of alleged misrepresentation regarding visitation with the minor child although the undisputed testimony reveals she was permitted to visit with her child in the grandparents' home. Additionally, Teresa asks this court to assume that she was influenced by the aforesaid misrepresentation. The record, however, is devoid of any such evidence.
Further, Teresa argues that the facts and circumstances attending the signing of the consent and the terminology of the consent to adoption reveal that she could not have understood the ramifications of her consent. Teresa's conduct, however, would support a finding that she willingly and voluntarily assented to the adoption. Also, the record fails to show that Teresa's consent to adopt was procured by fraud or that she was influenced in any unfair manner to sign this consent.
It is a settled principle of law that the findings of the probate court based on examination of witnesses ore tenus are presumed to be correct and will not be disturbed on appeal unless such finding is plainly and palpably erroneous. StateDepartment of Pensions Security v. Whitney, 359 So.2d 810
(Ala.Civ.App. 1978). We do not find such error here. Therefore, the trial court properly refused to allow Teresa to revoke her consent for the adoption of her child.
Teresa next asks this court to review the probate court's decision to grant the grandparents' petition to adopt. Alabama courts have held that jurisdiction in the probate court attaches in an adoption proceeding with the initial acknowledgement of consent by the natural parent, and, once the child is placed, remains despite attempts at revocation, so long as the child's welfare is thereby furthered. By keeping jurisdiction the trial court is fully able to inquire into the best interest of the child, which is the foremost consideration of the court. Davis v. Turner, 337 So.2d 355 (Ala.Civ.App.),cert. denied, 337 So.2d 362 (Ala. 1976); Graves v. Graves,51 Ala. App. 601, 288 So.2d 142 (Ala.Civ.App. 1973). After examining the record, we believe that the trial court could have reasonably found that Teresa had failed to properly care for her child. According to the evidence, Teresa would leave the child with the grandparents, stay out all night and not return for the child until the next day. Additionally, Teresa would smoke marijuana with friends when the child was present. Also, the trial court could have concluded that Teresa wished to be freed from the responsibility of her minor child when she willingly signed the consent to adopt, moved to Mississippi to live with her present husband and his sister, and visited the child for only a few minutes when returning to Alabama.
In contrast, it appears from the record that the grandparents have cared well for the child since December of 1981; they have provided her with a stable home, and much love. Finally, as inDavis supra, there is sufficient evidence for the trial court to find, as it did, that the child's best interests lie with the grandparents.
The judgment of the probate court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.