This is an adoption-child custody case.
The trial court refused to allow the appellants to adopt three minor children and awarded custody of the children to the maternal grandparents.
The trial court placed the three children in the maternal grandparents' custody after apparently allowing the mother's revocation of consent to adoption and dismissed the appellants' petitions to adopt the children. *Page 1070 
The appellants, the prospective adopting parents, appeal and we affirm.
In April 1984, the mother had discussions with the appellants regarding the adoption of her children by the appellants. At that time the mother was approximately twenty-two years of age and was unmarried. Each of her three sons, at that time approximately four weeks, two years, and three years old, had a different father. The appellants are three married couples, each of which desired to adopt one of the mother's children.
After these discussions the mother and appellants went to an attorney's office where the mother signed three separate consent to adopt documents, one for each of the three sons. Physical custody of each child had been given to each couple shortly before the mother signed the written consent documents.
In August 1984, approximately four months later, the mother filed with the trial court three documents, whereby she attempted to revoke her consent to each child's adoption. In July 1984, one month prior to the attempted revocation, the mother's parents had filed with the trial court a petition, whereby they sought permanent custody of the children. In testimony the mother indicated that she too desired her parents to have custody of the children so they could be together and she could visit them. The mother herself does not desire custody.
The appellants contend that the trial court erred both in giving effect to the mother's revocation of her consent to the adoptions and in awarding custody to the grandparents. At the outset, we note that in adoption proceedings, when the case has been presented to the trial court ore tenus, that court's findings will be presumed by this court to be correct and will not be disturbed on appeal unless plainly and palpably erroneous.Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387 (1969);Lawshe v. Seals, 443 So.2d 1249 (Ala.Civ.App. 1983); StateDepartment of Pensions and Security v. Whitney, 359 So.2d 810
(Ala.Civ.App. 1978). It is with this standard of review in mind that we have analyzed the present case.
The rule in Alabama is that, once a valid consent to adopt has been given and the child has been placed in the custody of the adoptive parents, consent can only be revoked for legal cause, such as where the consent was procured through fraud, undue influence, coercion, or other improper methods or where, under all the circumstances, the trial court finds it to be in the best interest of the child for it to be returned to the natural parents. Ex parte Nice, 429 So.2d 265 (Ala. 1982), appeal afterremand, Shuttleworth v. Catholic Family Services, 439 So.2d 1292
(Ala.Civ.App. 1983); Williams v. Pope, 281 Ala. 416,203 So.2d 271 (1967), appeal after remand, 284 Ala. 456, 225 So.2d 861
(1969) (citing In re Holman's Adoption, 80 Ariz. 201,295 P.2d 372 (1956)); Lawshe, 443 So.2d 1249; Wolf v. Smith, 435 So.2d 749
(Ala.Civ.App. 1983); Hanlon v. Mooney, 407 So.2d 554
(Ala.Civ.App.), rev'd on other grounds, 407 So.2d 559 (Ala. 1981); Davis v. Turner, 337 So.2d 355 (Ala.Civ.App. 1976); Gravesv. Graves, 51 Ala. App. 601, 288 So.2d 142 (Ala.Civ.App. 1973).
We agree with the appellants that the mother probably failed to present evidence sufficient to show that her consent should be declared void ab initio, Davis, 337 So.2d at 361, because she was coerced or unduly influenced. We need not decide this question, however. We affirm the trial court because it specifically found such revocation to be in the best interests of the children.
Under the legal standard thus far enunciated in this state, the trial court may allow the revocation of the natural parent's consent, even though it was validly given and there is no "legal cause," such as fraud or coercion, to set it aside, if the court finds that it would be in the best interests of the children to be returned to the natural parent. Williams, 281 Ala. at 421,203 So.2d at 275; Hanlon, 407 So.2d at 558. It is merely a natural and logical extension of this rule to say that, if the *Page 1071 
trial court finds that it would be in the best interests of the children to stop the adoption proceedings and place them with their maternal grandparents, it may revoke the natural parent's consent to adopt on that ground.
Such an extension of the rule can certainly be justified on the evidence before the trial court in this case. At the time of the hearing, the three children were approximately two years old, three years old, and six months old. Prior to the mother's consenting to the appellants' adoption of the children and giving custody of the children to appellants, the mother had lived with the children in a trailer beside her parents' home. They had, therefore, presumably had much contact already with the maternal grandparents. The children had only been with the prospective adopting parents for approximately four months before the mother filed the attempted revocation of her consent to their adoptions.
The trial court also had evidence before it of the suitability of the grandparents for raising the three children. Among such evidence was the testimony of the grandparents and testimony by another on their behalf. In fact, appellants do not contend that the maternal grandparents are not fit to have custody.
Additionally, the trial court had the benefit of a report by the Department of Pensions and Security (DPS), which had analyzed the grandparents and their home.
The appellants' argument, through able counsel, on appeal that the trial court erred in relying upon the DPS report because the latter was "plainly and palpably wrong" is without merit. The report was introduced through testimony of the DPS representative who prepared it. The appellants' attorney cross-examined the representative and had the opportunity to expose, and in fact did expose, defects in the report. It was for the trial court to weigh the evidence presented through this report and to judge its credibility. See Rose v. Rose, 440 So.2d 566 (Ala.Civ.App. 1983);Odom v. Pugh, 434 So.2d 258 (Ala.Civ.App. 1983). Hence, there is no error.
Finally, the trial court had a clearly compelling reason to place the three brothers in their grandparents' custody — to allow them to grow up together. We cannot say that, under the circumstances of this case, the trial court's revocation of the consent to adopt, dismissal of appellants' adoption petitions, and granting permanent custody to the maternal grandparents were plainly and palpably wrong. Lawshe, 443 So.2d at 1251.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.