This is an adoption case.
Susan Shields is the natural mother of two minor children, Amanda and Matthew. In August 1982 her present husband, Captain Jonathan Shields, petitioned the Probate Court of Marshall County for adoption of his two stepchildren. Pursuant to this petition, a final decree of adoption was entered in favor of the stepfather in November 1982. In March 1985 the natural father, Timothy Wayne McCombs, filed a petition to set aside the adoption in the Probate Court of Marshall County. Rule 60 (b), A.R.Civ.P. After an order affirming the adoption, the natural father appealed to the Circuit Court of Marshall County, alleging that the stepfather was not a resident of Marshall County. The circuit court also upheld the validity of the adoption. The natural father now appeals to this court. We affirm.
The natural father contends that the Probate Court of Marshall County did not have jurisdiction to grant the stepfather's petition for adoption.
Adoption proceedings are purely statutory and the requirements of these statutes must be closely adhered to.Holcomb v. Bomar, 392 So.2d 1204 (Ala.Civ.App. 1981). In the present case the stepfather wanted to legally adopt his wife's two children. In accordance with §§ 26-10-1, -7, Code of Alabama 1975, he petitioned the Probate Court of Marshall County for leave to adopt the minor children and for the change of their names from McCombs to Shields. Consistent with the adoption statutes, the natural father consented to the stepfather's adoption of the minor children. Also, in compliance with the adoption statutes, all other procedural requirements were met. On November 15, 1982, the Probate Court of Marshall County ordered the children legally adopted by the stepfather and their names changed to Amanda and Matthew Shields. The natural father now contends that the stepfather did not meet the requirements of § 26-10-7, Code of Alabama 1975, in that Marshall County was not his "county of residence."
The record shows that at the time the petition for adoption was filed, the stepfather was not actually living in Marshall County. Rather, he was in Mainz, Germany, under orders by the military. An officer in the military is under legal compulsion to obey the orders of his superior officer, and the stepfather was therefore *Page 151 
required to be in Germany. The record reflects, however, that at the time the stepfather joined the military, he was a resident of Marshall County. He was born there and graduated from high school there. He votes in Marshall County and has his car registered there. Authorities generally agree that a person inducted into military service retains his domicile or residence in the state from which he entered the military service. Prudential Insurance Company of America v. Lewis,306 F. Supp. 1177 (N.D.Ala. 1969). The Alabama Supreme Court has recently addressed the issue of determining the residence of military personnel. The court held that "a person who is inducted into military service retains residence in the state from which he is inducted until a new residence is established or initial residence is abandoned." Nora v. Nora, 494 So.2d 16
(Ala. 1986). Since there is no evidence that the stepfather has established a new residence, nor has he had any intent to abandon his Marshall County residence, we hold that as required by statute, the stepfather was a resident of Marshall County at the time he filed the petition for adoption.
The natural father also argues that there was no consent form present in the court's file for Amanda and, therefore, the order of the probate court is invalid. The circuit court found that the consent forms of all parties were before the probate court. The record is also clear that the natural father gave voluntary, informed and intelligent consent for the adoption of both children by the stepfather. The Code does not specify a particular form for the consent, and the proper question is whether the consent was given and not whether the form was properly completed. Wolf v. Smith, 435 So.2d 749 (Ala.Civ.App. 1983). In adoption proceedings where the case has been presented to the trial court ore tenus, the court's findings will not be disturbed on appeal unless plainly and palpably wrong. In re Miller, 473 So.2d 1069 (Ala.Civ.App. 1985). We therefore hold that the final decree of adoption on November 15, 1982 was valid.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.