HOLMES, Judge.
This is a case of first impression involving the children’s trust fund which was established in connection with the Child Abuse and Neglect Prevention Act.
The State Child Abuse and Neglect Prevention Board (Board) filed a petition in the Circuit Court of Montgomery County, seeking injunctive and declaratory relief. The Board sought a declaratory judgment that monies appropriated to the children’s trust fund which were remaining at the end of the 1984-85 fiscal year did not revert to the State’s general fund.
The trial court held that the subject monies in the trust fund did not revert to the State’s general fund because they were “encumbered.”
The Director of the State Department of Finance appeals. The Board cross-appeals. We reverse and remand.
In 1983 the legislature enacted the Child Abuse and Neglect Prevention Act, now codified at Ala.Code (1975), §§ 26-16-1 through -13 (1986 Repl.Vol.), under which the Board was created. At the same time the legislature passed legislation establishing the children’s trust fund, the purpose of which is to provide funds for services and programs to prevent child abuse and neglect, Ala.Code (1975), § 26-16-30. It is the duty of the Board to properly administer the trust fund. See Ala.Code (1975), §§ 26-16-6, -8 and -9.
Although the children’s trust fund may include monies derived from federal funds and private donations, see Ala.Code (1975), § 26-16-8, it is apparently funded primarily through the State income tax refund designation program. Ala.Code (1975), §§ 26-16-31 and -32. Under this program Alabama taxpayers may designate on their income tax return that they desire two dollars of their tax refund to go to the trust fund.
In addition to the above-described means of funding the children’s trust fund, in 1985 the legislature appropriated $250,000 from the State’s general fund for the trust fund for the 1984-85 fiscal year. See 1985 Ala. Acts 85-124. At the end of the fiscal year, September 30, 1985, the Board had approved and released to local agencies only approximately $41,000 of the $250,000 appropriation.
It is the balance of the appropriation which is the subject of this suit. The State finance director claims that the appropriated monies remaining in the children’s trust fund at the end of the 1984-85 fiscal year revert to the State’s general fund pursuant to Ala.Code (1975), § 41-4-93. We agree.
Ala.Code (1975), § 41-4-93 (1982 Repl. Vol.), in pertinent part provides: “All unencumbered balances of all appropriations shall revert to the state treasury at the end of each fiscal year and to the credit of the general fund or the special fund from which the appropriation or appropriations were made.” This has long been the general rule for all appropriations made by the legislature.
The Board, however, claims that the statutes governing the children’s trust fund conflict with § 41-4-93 and that they must be interpreted so that the trust fund is exempt from the reversion mandate of § 41-4-93.
The cardinal rule for the construction of a statute is to ascertain legislative intent, which is determined by examining the statute as a whole in light of its general purpose. Gulf Coast Media, Inc. v. Mobile Press Register, Inc., 470 So.2d 1211 (Ala. 1985). Moreover, in determining legislative intent, a statute should, if possible, be construed in harmony with statutes already existing so that each is afforded a field of *780 operation. Sullivan v. State ex rel. Attorney General, 472 So.2d 970 (Ala.1985).
With these principles in mind, we find no conflict between Ala.Code (1975), § 41-4-93, and the statutes governing the children’s trust fund, Ala.Code (1975), §§ 26-16-30 through -33. We do not interpret the latter statutes as evidencing a legislative intent to exempt the children’s trust fund from the general reversion requirements of § 41-4-93.
Our conclusion is based primarily upon our interpretation of § 26-16-32(b), which provides:
“Moneys contained in the children’s trust fund are continuously appropriated to the child abuse and neglect prevention board for the purposes set out in section 26-16-30(a) of this article. Such funds shall be supplemental to any and all other appropriations heretofore or hereafter made to the child abuse and neglect prevention board. No provision of this article shall be construed to be in lieu of annual appropriations.”
The Board contends that this paragraph indicates legislative intent that monies in the children’s trust fund should not revert to the State’s general fund but should be “rolled over” for use by the Board in each succeeding year. We disagree.
In construing § 26-16-32(b), we are governed by the principle that we must look to the entire statutory scheme of which § 26-16-32(b) is a part, rather than to merely an isolated phrase or clause. Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984).
Section 26-16-32(b) is part of a statutory scheme contained in both § 26-16-31 and § 26-16-32, whereby the children's trust fund is to be funded through the income tax refund designation program. We think that the “moneys” referred to in the first sentence of § 26-16-32(b) must be interpreted to refer to that part of the trust fund derived from the income tax refund designation program. Since such funds are not appropriated by the legislature, it only makes sense that they should not revert to the State’s general fund, but should remain in the trust fund “continuously appropriated” to the Board.
That such funds should be considered separate and distinct from other monies in the children’s trust fund is clarified by the second and third sentences of § 26-16-32(b). It is presumed that the legislature does not use statutory language without any meaning or application. Gulf Coast Media, Inc., 470 So.2d at 1213. The language used by the legislature in the second and third sentences of § 26-16-32(b) indicates its intent, if not anticipation, that the children's trust fund could also be composed of legislatively appropriated funds— funds subject to reversion to the State’s general fund if not used during the fiscal year in which they were appropriated.
The balance of the $250,000 appropriated to the children’s trust fund for the 1984-85 fiscal year was, therefore, not part of the monies continuously appropriated to the Board. Rather, like all appropriations by the legislature, if not used, it must revert to the State’s general fund.
The Board also contends, however, (and the trial court held) that the balance of the $250,000 appropriation was encumbered at the end of the 1984-85 fiscal year and that it cannot revert to the State’s general fund because § 41-4-93 requires the reversion of only “unencumbered balances” of appropriations.
The Board’s argument is based primarily upon the fact that the statutes creating and governing the children’s trust fund and the administration of the fund by the Board are very specific as to how monies in the fund may be used. See Ala.Code (1975), §§ 26-16-30 and -9. The Board also emphasizes that Act 85-124, by which the legislature made the $250,000 appropriation to the trust fund, specifies that the appropriation is to be used for local programs.
Because of these specific guidelines and restrictions on monies in the children’s trust fund, the Board contends that such monies are encumbered upon receipt and thus cannot revert to the State's general fund. We disagree.
*781 The term “unencumbered balances” as used in § 41-4-93 must be given its natural, plain, ordinary, and commonly understood meaning. See Alabama Farm Bureau Mutual Casualty Insurance Co., 460 So.2d at 1223.
An encumbrance on property is commonly understood to mean a legal claim or liability. Cf. Black’s Law Dictionary 473 (rev. 5th ed. 1979). Moreover, the evidence showed that a similar definition of the term “encumbrance” is used by the State Department of Finance in its Fiscal Procedures Manual of Instructions, which describes an encumbrance as the setting aside of funds for which a State department has obligated itself.
We do not think that the mere fact that the uses to which the monies in the trust fund could be put were restricted by statute made those funds encumbered or obligated. Nor do we think the mere applications or requests for funds by local agencies at the end of the 1984-85 fiscal year could be viewed as encumbrances or legal obligations of the trust fund.
In summary, our interpretation of the statutes leads us to conclude that the balance of the $250,000 appropriation made to the children’s trust fund in 1985 is not exempt from the reversion requirement of Ala.Code (1975), § 41-4-93. Since that balance has not been shown to be encumbered, it must revert to the State’s general fund.
The above is by necessity dispositive of the Board’s cross-appeal.
This case is reversed and remanded to the Montgomery County Circuit Court for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and INGRAM, J., concur.