PER CURIAM.
In June 1986 the plaintiffs, State of Alabama on the relation of Scott Houser and Jack Williams, and Scott Houser, and Jack Williams filed in the Jefferson County Circuit Court a complaint for proceeding in quo warranto and, alternatively, for declaratory judgment and injunctive relief. In their complaint they requested the trial court to construe certain provisions of the Municipal Special Health Care Facility Authorities Act (Act), codified at Ala.Code (1975), §§ 11-62-1 through -21 (1985 Repl. Vol.), to disallow payment of any payment of any funds under the Act to Planned Parenthood of Alabama, Inc. for the financing of a facility in Jefferson County. The named defendants were the Alabama Special Care Facilities Financing Authority of the City of Montgomery (Authority), Caduceus Capital Corporation (Caduceus), and Planned Parenthood of Alabama, Inc. (Planned Parenthood).
Planned Parenthood filed a motion for summary judgment, which the trial court *1321 granted, finding that Planned Parenthood did qualify for funding under the Act and that the Authority had authority under the Act to lend money to Planned Parenthood.
The plaintiffs appeal to this court from that ruling, contending that Planned Parenthood is not a special care facility within the meaning of the Act and is thus not entitled to funding thereunder. We agree and reverse.
The cardinal rule governing the construction of the Act, as any legislation, is to ascertain legislative intent, which is determined by examining the statute as a whole in light of its general purpose. Gulf Coast Media, Inc. v. Mobile Press Register, Inc,, 470 So.2d 1211 (Ala.1985); Mitchell v. State Child Abuse & Neglect Prevention Board, 512 So.2d 778 (Ala.Civ.App.1987). The entire statutory scheme must be examined, not just an isolated clause or section of the Act. See Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984); Mitchell, 512 So.2d 778.
Moreover, words within the Act must be given their natural, plain, ordinary, and commonly understood meaning. See Alabama Farm Bureau Mutual Casualty Insurance Co., 460 So.2d 1219; Mitchell, 512 So.2d 778.
Applying these rules to the present case, we conclude that the better construction of the Act is that it does not provide funding for entities, such as Planned Parenthood, which do not maintain facilities for in-patient care and treatment or simply for housing.
Ala.Code (1975), § 11-62-2 (1985 Repl. Vol.), sets forth legislative findings and declarations with regard to the passage of the Act. The statute states in pertinent part that “there exists in the state of Alabama a serious shortage of adequate facilities for the housing, care and treatment of persons requiring special care, including orphans and persons who are elderly, sick, physically disabled or handicapped or mentally ill or retarded....” (Emphasis added.)
Ala.Code (1975), § ll-62-l(a)(8) (1985 Repl. Vol.), gives an extensive definition of a “facility” as used in the Act. Included within its definition are:
“a retirement home, nursing home, convalescent home, apartment building, domiciliary facility, residence or special care facility or any combination of two or more thereof for the housing and care of elderly persons ... or ... a hospital, nursing home, convalescent home, domili-ciary facility, residence or special care facility or any combination of two or more thereof for the housing, care and treatment of orphans, or persons who are sick, physically disabled or handicapped or mentally ill or retarded or other persons requiring special care_” (Emphasis supplied.)
We conclude that the reasonable intent of the legislature, as reflected in the language of the Act, particularly the above-quoted sections, was to provide funding for facilities which house their patients or residents.
To adopt the construction placed upon the Act by Planned Parenthood would require a similar construction in the case of innumerable health service entities which provide care, treatment, or counseling without providing any facilities for housing, or more specifically, in-patient care or treatment. Such, in our opinion, could not have been the reasonable intent of the legislature.
The plaintiffs also contend on appeal that the trial court erred in denying the admissibility of certain affidavits which they offered in support of their construction of the Act.
In view of the above, we find this additional contention to be pretermitted.
This case is reversed and remanded to the trial court for entry of a judgment not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.