This is an adoption case.
The Butler County Probate Court entered final orders for the adoption of two minor male children by their stepfather, the father of the children being deceased. The paternal grandmother, who was given no notice of the adoption proceedings and, therefore, did not participate therein, has filed with this court a petition for a writ of mandamus to require the learned probate judge to set aside the final orders of adoption as void.
A writ of mandamus is an extraordinary remedy and, therefore, proper only where the petitioner establishes that she has a clear legal right to the order sought, that there is an imperative duty upon the respondent judge to perform and he has refused to do so, that the petitioner lacks another adequate remedy, and that she has properly invoked the court's jurisdiction. Ex parte Adams, 514 So.2d 845 (Ala. 1987); Rossv. Luton, 456 So.2d 249 (Ala. 1984).
We find that mandamus is the appropriate and, apparently, the only vehicle by which the petitioner may obtain relief. As already mentioned, the petitioner was not a party to the adoption proceedings, apparently having no knowledge of them, and, therefore, she could not have the final orders of adoption set aside through appeal.
Furthermore, as will be explained below, the writ is due to be granted in this case because the probate judge failed to carry out his clear legal duty with regard to the petitioner.
The primary issue before this court is whether the final orders of adoption of the petitioner's two minor grandsons by their stepfather should be set aside as void, or voidable, because the petitioner was not given notice of the pending adoptions as she alleges was required by law.
Adoption proceedings are purely statutory, and the requirements of the adoption statutes must be closely followed.McCombs v. Shields, 497 So.2d 149 (Ala.Civ.App. 1986). Therefore, whether notice to the petitioner was required in this case is a question of statutory interpretation.
The petitioner relies upon Ala. Code (1975), § 26-10-3 (1986 Repl.Vol.), in support of her contention that notice to her of the pending adoptions was required. Section 26-10-3, which is the statute regarding notice and consent to adoptions generally, provides in pertinent part:
 "No adoption of a minor child shall be permitted without the consent of parents, but the consent of a parent who has abandoned the child, who cannot be found, who is insane or otherwise incapacitated from giving such consent or who has lost guardianship of the child through divorce proceedings or by the order of a court having jurisdiction may be dispensed with, and consent may be given by the guardian, if there is one, or if there is no guardian, by the state department of human resources or by the licensed child-placing agency which has permanent custody of the said minor child by order of a juvenile court or a court of like jurisdiction. In every other case the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable."
(Emphasis supplied.)
There can be no question that, if § 26-10-3 were the only statute applicable in this instance, notice to the petitioner should have been given prior to the stepfather's adoption of her grandchildren. We note in this regard that there is apparently no dispute that the stepfather knew the whereabouts of the grandmother and that giving notice to her would have been a simple matter. In fact, it appears that the *Page 638 
petitioner's home was located close enough to that of the stepfather that the petitioner assisted in the daily care of the children for a period of several months while the mother and stepfather were at work.
Another statute, however, one relied upon by the respondent, also applies to the present adoptions. Ala. Code (1975), § 26-10-7, which addresses adoptions by a stepparent in particular, provides in pertinent part:
 "Where a man marries the mother of a minor child or children or a woman marries the father of a minor child or children and they reside together in one domicile, he or she may petition the probate court of his or her county of residence for leave to adopt such minor child or children and, if desired, for a change of the name or names of such minor child or children, but no such adoption shall be permitted without the consent of the natural parent or parents having custody of said child or children. The same procedure shall be followed as in adopting a child other than a stepchild; except, that if the court determines that the said child or children has or have resided in the home of the stepparent for a period of six months or more, the court, may, within its discretion, if it appears that the adoption is likely to be successful and is for the best interests of the child or children, immediately enter the final order of adoption, which order of adoption shall not deprive the natural parent who resides in the same domicile with the petitioner of any of the legal rights and obligations due from them to the child or from the child to them."
(Emphasis supplied.)
The respondent contends that § 26-10-7 gives the probate court the discretion to dispense with the requirement that the known kindred of the children be given notice of their pending adoptions where the children have resided with the stepparent for six months or more, as they apparently had in this case. We disagree.
In interpreting § 26-10-7 we are guided by several well-established principles of statutory construction. The cardinal rule in all cases of statutory construction is to determine the intent of the legislature, and such intent is determined by examining the statute as a whole in light of its general purpose. Blue Cross Blue Shield v. Protective LifeInsurance Co., 527 So.2d 125 (Ala.Civ.App. 1987).
Moreover, the entire statutory scheme within which the particular statute fits should be examined to determine the legislative intent with regard thereto, rather than looking at the statute in isolation. Alabama Farm Bureau Mutual CasualtyInsurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala. 1984);Mitchell v. State Child Abuse Neglect Prevention Board,512 So.2d 778 (Ala.Civ.App. 1987). Thus, in this case Ala. Code (1975), § 26-10-7, must be examined and interpreted in conjunction with the other statutes in Alabama's statutory adoption scheme, Ala. Code (1975), §§ 26-10-1 through -10.
Perhaps more importantly, § 26-10-7 must be particularly construed in conjunction with and in light of § 26-10-3 because they are both applicable to stepparent adoptions, § 26-10-3 generally and § 26-10-7 specifically.
Where two statutes address the same subject, they are in parimateria and should be construed together to ascertain the meaning and intent of each. McDonald's Corp. v. DeVenney,415 So.2d 1075 (Ala. 1982). "Where possible, [such] statutes should be resolved in favor of each other to form one harmonious plan and give uniformity to the law." League of Women Voters v.Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974).
Applying these rules of construction to § 26-10-7, we do not agree with the respondent's apparent contention that this statute sets forth entirely separate standards and procedures in the case of stepparent adoptions. Although the statute does set forth certain standards particularly applicable to such adoptions and at least one procedural exception, as will be discussed below, the language of § 26-10-7 makes it plain that the legislative intent was that all the general statutory adoption requirements also apply to stepparent *Page 639 
adoptions, including the requirement of § 26-10-3 that known kindred of the children be notified of the pending adoptions. Section 26-10-7 unambiguously provides that, in cases of adoption by a stepparent, "[t]he same procedure shall be followed as in adopting a child other than a stepchild."
The respondent, however, relies in particular upon the exception clause of § 26-10-7 as providing the probate court with discretion to dispense with the notice requirement in this case. This exception clause provides that, if the children to be adopted by the stepparent have lived in the stepparent's home for six months or more, as they apparently have in this case, then "the court, may, within its discretion, if it appears that the adoption is likely to be successful and is for the best interests of the . . . children, immediately enter the final order of adoption. . . ."
As with the other language of § 26-10-7, we must construe this exception clause by giving the language its natural, plain, ordinary, and commonly understood meaning. Blue Cross Blue Shield, 527 So.2d 125; Mitchell, 512 So.2d 778. In doing so and after construing the language in conjunction with the other adoption statutes, we cannot interpret the exception clause of § 26-10-7 as providing the probate court with the discretion to do away with the notice requirement of § 26-10-3 in certain instances.
Rather, it is quite clear that the only exception provided by the clause is to the requirement otherwise mandated by Ala. Code (1975), § 26-10-4, that an interlocutory adoption order precede the entry of a final order of adoption. Section 26-10-7 gives the probate court the discretion to bypass the interlocutory order with its six-month "waiting period" before entry of the final order of adoption and simply enter such final order where the children to be adopted have already resided with the stepparent for at least six months and it appears that the adoption will be successful.
Because neither § 26-10-7 nor any other provision within the adoption statutes gave the probate court the discretion to dispense with the requirement of § 26-10-3 that the known kindred — in this case, the petitioner — of the children be notified of the adoption proceedings, the learned probate judge failed to carry out his clear legal duty toward the petitioner when he entered final orders for the adoption of her grandchildren by their stepfather without giving the petitioner prior notice. The issuance of a writ of mandamus is appropriate in this case to require the probate court to set aside the adoption orders and correct its error.
We should not be understood as in any way giving an opinion as to the merits of the stepfather's petitions to adopt the children. We hold only that, under both Ala. Code (1975), §§ 26-10-3 and -7, the petitioner should have been notified that the stepfather had filed his adoption petitions so she could have the opportunity to participate in the adoption proceedings if she so chose. Because she was not given such notice, the final orders of adoption are due to be set aside.
In view of the above, the writ is due to be issued unless within ten days the learned probate judge enters appropriate orders consistent with this opinion.
WRIT CONDITIONALLY GRANTED.
BRADLEY, P.J., and INGRAM, J., concur.