RUSSELL, Judge.
This is an appeal from an order denying a petition to set aside a decree of adoption.
F.W.B. (adoptive father) and B.M. were married on October 5, 1979. Shortly thereafter, the adoptive father petitioned the Probate Court of St. Clair County for the adoption of B.M.’s minor son, H.D. A final order of adoption was entered by that court on December 15, 1980.
Subsequently, the adoptive father discovered that his purported spouse had a previous marriage which remained in existence at the time that he and B.M. attempted to marry. The previous marriage was terminated by a divorce decree dated March 27, 1980.
In March 1989, the adoptive father filed a petition to set aside the adoption of B.M.’s minor son. That petition was denied on April 7, 1989.
This appeal followed. We affirm.
This case was submitted on appellant’s brief only. The dispositive issue is whether the probate court erred in failing to set aside the adoption of H.D. due to the fact that, at the time of the adoptive father’s marriage to the child’s natural mother, she remained married to a previous husband.
Initially, we note that, where evidence is presented ore tenus, a finding by a probate court is presumed to be correct and will not be disturbed on appeal unless it is palpably erroneous. McCombs v. Shields, 497 So.2d 149 (Ala.Civ.App.1986). Moreover, adoption proceedings are purely statutory and the requirements of those statutes must be closely adhered to. Id.
Furthermore, § 26-10-5(c), Ala. Code 1975 (1986 Repl.VoL), states, “A final order of adoption made and entered by a probate court shall not be annulled, avoided, set aside or impaired after the lapse of five years from the date thereof because of any irregularity, infirmity or defect in the adoption proceedings.”
The adoptive father asserts that, because his marriage to the adopted child’s natural mother was void due to her marriage at that time to another man, the adoption is void as well.
Here, the marriage of the adoptive father and the child’s natural mother occurred prior to her divorce from a previous husband. The order of adoption, however, was not entered until nearly nine months after such divorce. Moreover, the adoptive father’s petition to set aside that adoption was not filed until nine years later.
The father asserts that the alleged fraud of the natural mother does not constitute an “irregularity, infirmity or defect in the adoption proceedings,” and, thus, § 26-10-5 does not bar his petition to set aside. However, he cites, and we find, no authority to support this contention.
We also note that the record is devoid of any evidence which would inform this court as to when the adoptive father discovered the impediment to his marriage and whether he remained with his purported spouse after such discovery so as to create a common law marriage. Nor is there any evidence which reflects the current marital status of the parties. Furthermore, the record fails to reveal why the adoptive *830 father’s petition to set aside was filed approximately nine years after the adoption.
The record before us consists only of the adoptive father’s marriage certificate, a decree of divorce ending the marriage between B.M. and her former husband, a petition to adopt, an order granting that adoption, the adoptive father’s petition to set aside the adoption, and the probate court’s order denying that petition.
Consequently, we are unable to determine what, if anything, transpired in the probate court regarding this issue. Without such information, we are unable to consider the adoptive father's assertion as grounds for reversal because this court “cannot presume the existence of facts as to which the record is silent and make it a ground for reversal.” Dais v. State ex rel. Davis, 420 So.2d 278, 279 (Ala.Civ.App.1982).
Accordingly, this case is affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.