This appeal is from a summary judgment in favor of CKPD Development Co., *Page 1063 
LLC ("CKPD"), and against Carter Stockton, Flo U. Stockton, Benton A. Stockton, and the Stockton Family Limited Partnership (collectively referred to as "the Stocktons"). We reverse the trial court's judgment and remand.
 Facts and Procedural History
This appeal represents the second time the Stocktons have appealed a summary judgment in favor of CKPD. We transferred the first appeal to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala. Code 1975. At that time, the Court of Civil Appeals set forth the procedural history of the case, as follows:
 "On November 22, 2000, Danny L. Wiginton, individually, and David Wiginton and Gary C. Huckaby, as Trustees of the Danny L. Wiginton Irrevocable Family Trust (Danny and David Wiginton and Gary Huckaby are herein-after together referred to as `the Wigintons'), sued Carter Stockton, Flo U. Stockton, Benton A. Stockton, the Stockton Family Limited Partnership (these defendants are hereinafter together referred to as `the Stocktons'), and CKPD Development Co., LLC (`CKPD'). The Stocktons filed a counterclaim against the Wigintons. The Wigintons and the Stocktons amended their claims several times to assert a variety of claims against each other. In essence, in addition to damages for torts such as interference with a business relationship and fraud or suppression, the Wigintons sought various forms of declaratory relief pertaining to a right of first refusal Danny Wiginton owned with regard to certain real property owned by one or more of the Stocktons. In addition, the Wigintons amended their complaint to add as defendants Mark A. Jackson, Michael Samples, Charles J. Graffeo, Samples Properties, Inc. (`Samples Properties'), Heritage Bank, and CKPD Tenancy in Common (these parties, together with CKPD, are hereinafter referred to as `the CKPD defendants'). In their counterclaims, the Stocktons sought certain declaratory relief in addition to asserting claims for damages on a number of tort and breach-of-contract claims.
 "During the pendency of this action, the Wigintons and the CKPD defendants entered into a settlement agreement. As a result of that agreement, the Wigintons' claims against the CKPD defendants were dismissed. Thereafter, the Stocktons amended their claims against the Wigintons and also filed cross-claims against the CKPD defendants in which they sought the reformation of an April 4, 2000, ground lease (`the ground lease') and damages.
 "The parties conducted extensive discovery and submitted voluminous motions to the trial court. The CKPD defendants moved for a summary judgment on the Stocktons' claims against them, and the Stocktons moved for a summary judgment on all of their claims. The Wigintons moved for a partial summary judgment with regard to some of their claims against the Stocktons.
 "On January 13, 2005, the trial court entered an order that detailed the nature of the parties' claims and the legal bases for its resolutions of those claims. In that order, the trial court granted the Wigintons' motion for a partial summary judgment, granted the CKPD defendants' motion for a summary judgment, and denied the Stocktons' motion for a summary judgment. The trial court specifically listed the remaining claims to be resolved at the scheduled trial on the Wigintons' claims against the Stocktons. The Stocktons filed a `post-judgment *Page 1064 
motion,' which the trial court purported to deny.
 "Thereafter, the Stocktons and the Wigintons notified the trial court that they had reached a settlement with regard to the Wigintons' claims that had not been resolved in the January 13, 2005, order. On February 28, 2005, the trial court entered an order dismissing those claims asserted by the Wigintons that had not been resolved in the January 13, 2005, order."
Stockton v. CKPD Dev. Co., LLC, 936 So.2d 1065,1068-69 (Ala.Civ.App. 2005) (footnote omitted).
Before the Court of Civil Appeals, the Stocktons raised seven issues. All the issues pertained only to the Stocktons' cross-claims against CKPD and the Stocktons' argument that the trial court erred in entering a summary judgment in favor of CKPD. Regarding six of the seven issues, the Court of Civil Appeals affirmed the trial court's summary judgment. However, the Court of Civil Appeals held that a genuine issue of material fact precluded summary judgment on the Stocktons' cross-claim alleging that CKPD had breached the Stocktons' right of first refusal contained in the ground lease. The trial court had entered a summary judgment in favor of CKPD based on its determination that the Stocktons' claim was defeated by a portion of the ground lease that allowed CKPD to assign any portion of the ground lease without giving notice to the Stocktons. However, the Court of Civil Appeals held that the evidence presented to the trial court created a genuine issue of material fact and reversed the judgment of the trial court on that issue.
On April 4, 2000, CKPD and the Stocktons had entered into a ground lease under which CKPD leased three tracts of land from the Stocktons. Through the ground lease, the Stocktons leased to CKPD tracts 1, 2, and 3 for a 40-year term, with three 10-year options in favor of CKPD for a total potential lease term of 70 years. The ground lease gave CKPD the right to construct "structures, buildings, and other improvements (`Improvements') on the Leased Land, at [CKPD]'s sole cost and expense, without the prior approval of [the Stocktons]."
The facts considered by the Court of Civil Appeals consisted of the following:
 ". . . CKPD agreed to transfer to Samples Properties a 25% interest `in the ground lease.' That agreement was formalized in a document entitled `Partial Assignment of Ground Lease' (hereinafter `the partial-assignment agreement'). The partial-assignment agreement defines the three tracts as the `leased land,' and it defines the leased land together with the improvements to be constructed as `the Property.' The partial-assignment agreement seems to use the terms `the Property' and `the Ground Lease' interchangeably in setting forth the terms of that agreement.
 "In addition, CKPD and Samples Properties entered into an agreement (`the tenancy-in-common agreement') in which they formed the CKPD Tenancy in Common. The tenancy-in-common agreement refers to the parties to that agreement as `owners of fractional undivided interests in and to that certain Ground Lease Agreement . . ., together with certain improvements thereon. . . .' Also, a December 2000 construction mortgage was executed by the `CKPD Tenancy in Common, a tenancy in common comprised of CKPD Development, Co., LLC, . . . and Samples Properties, Inc. . . .'; that mortgage specifically stated that it was for `the construction of an improvement on land.'
 "In reaching its judgment on the issue whether CKPD's transfer of an interest *Page 1065 
in the improvements to Samples Properties constituted a breach of the ground lease, the trial court relied on § 13.01 of the ground lease. That section of the ground lease provides that `[t]his Lease and the Term and estate granted by this Lease, or any part of this Lease or that Term and estate, may be subleased or assigned, without [the Stocktons'] written consent.'
 "By its terms, however, the ground lease encompasses only the land that is leased and not the improvements thereon. In support of this conclusion, we note that article 18 of the ground lease governs a right of first refusal pertaining to the improvements on the leased land. Section 18.02 of the ground lease provides:
 "`In the event [CKPD] shall offer the Improvements or its interest in the Improvements for sale during the term of this Lease, then, it shall first offer the Improvements to [the Stocktons] by notifying [the Stocktons] in writing of the price and terms offered by a third party `"
Stockton, 936 So.2d at 1080.
Based on these facts, the Court of Civil Appeals remanded the case, holding as follows:
 "In this case, the ground lease allows an assignment of the ground lease, but it prohibits a `sale' of an interest in the improvements on the leased property unless the interest is first offered to the Stocktons. After careful consideration, we conclude that there is a material factual question regarding whether CKPD's transfer of a 25% interest in the building to Samples Properties constituted a sale that would trigger the right of first refusal contained in the ground lease."
Stockton, 936 So.2d at 1080-81.
On remand to the trial court, CKPD filed a renewed motion for a summary judgment and an evidentiary submission in support of the renewed motion. The Stocktons then filed a response in opposition to CKPD's renewed motion for a summary judgment and an evidentiary submission in support of that response.
The new evidence submitted by CKPD on remand consisted of an affidavit of Michael Samples, a founding member of CKPD who now serves as CKPD's managing member; an affidavit of Tyrone Samples, the president of Samples Properties, Inc.; an affidavit of Daniel M. Wilson, legal counsel to CKPD and Samples Properties in connection with the execution of the agreement partially assigning the ground lease ("the partial-assignment agreement"); deposition testimony of Carter Stockton; and correspondence from Carter Stockton. The affidavits tended to show that CKPD and Samples Properties did not intend for the partial-assignment agreement or the agreement forming the tenancy in common ("the tenancy-in-common agreement") to constitute a sale. The deposition testimony and correspondence from Carter Stockton tended to show when Carter Stockton gained knowledge of the partial assignment and when Carter Stockton first alleged that CKPD had violated the ground lease.
In response to CKPD's evidence indicating that CKPD and Samples Properties did not intend for the partial assignment to be a sale, the Stocktons submitted deposition testimony of Tyrone Samples, Michael Samples, and Mark Jackson, the manager of CKPD. This evidence disputed CKPD's evidence and tended to show that consideration of the facts surrounding the execution of the partial-assignment agreement and the tenancy-in-common agreement leads to the conclusion that CKPD and Samples Properties did intend for the assignment *Page 1066 
of a 25% interest in the building to Samples Properties to constitute a sale.
On August 2, 2006, the trial court granted CKPD's renewed motion for a summary judgment; it subsequently denied the Stocktons' motion for reconsideration on September 15, 2006. The trial court's order granting CKPD's renewed motion for a summary judgment does not give any indication as to the trial court's reasoning other than the following statement:
 "Upon consideration of the motion, the evidentiary submission, the plaintiffs' response and all other pleadings and matters of record, it is the opinion of this court that there are no genuine issues of material fact and the CKPD defendants are entitled to judgment as a matter of law."
 On October 24, 2006, the Stocktons filed a notice of appeal to this Court.
 Standard of Review
A motion for a summary judgment is properly granted where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala. 1988). "When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact." Ex parte Alfa Mut. Gen. Ins.Co., 742 So.2d 182, 184 (Ala. 1999) (citing Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989)). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990).
 Issue and Analysis
Contrary to some of the arguments set forth by each side, the only issue before this Court is whether the new evidence presented on remand was sufficient to overcome the holding of the Court of Civil Appeals that a genuine issue of material fact precluded a summary judgment on the Stocktons' cross-claim alleging that CKPD breached the Stocktons' right of first refusal contained in the ground lease.
Initially, we note that whether the Court of Civil Appeals' holding was correct is not properly before this Court because of the. law-of-the-case doctrine. "Under the doctrine of the `law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." Blumberg v. Touche Ross Co., 514 So.2d 922, 924 (Ala. 1987). Based on all the evidence that was before the Court of Civil Appeals, which included the partial-assignment agreement and the tenancy-in-common agreement, that court held that "there is a material factual question regarding whether CKPD's transfer of a 25% interest in the building to Samples Properties constituted a sale that would trigger the right of first refusal contained in the ground lease." 936 So.2d at 1080-81. CKPD did not seek certiorari review from this Court of the judgment of the Court of Civil Appeals, and CKPD does not now challenge the application of the law-of-the-case doctrine. Therefore, unless *Page 1067 
the facts upon which the holding of the Court of Civil Appeals was predicated have changed, the holding of the Court of Civil Appeals is the law of the case.
In order for the trial court's grant of CKPD's renewed motion for a summary judgment to be proper, CKPD had to set forth new facts, i.e., facts not considered by the Court of Civil Appeals, that establish that no material factual question exists regarding whether CKPD's transfer constituted a sale that would trigger the right of first refusal. On remand, CKPD submitted new evidence in the form of affidavits and deposition testimony, but all the new evidence concerned only whether CKPD and Samples Properties intended for the transfer to be a sale. This new evidence was also disputed by the Stocktons, who presented deposition testimony that contradicted CKPD's new evidence. It is well established that a dispute concerning the intent of contracting parties is a question of fact that should be resolved by the factfinder. ISS Int'l Serv. Sys., Inc.v. Alabama Motor Express, Inc., 686 So.2d 1184, 1187
(Ala.Civ.App. 1996) (citing Fonts v. Beall,518 So.2d 1236 (Ala. 1987)). Therefore, CKPD's new evidence, which consists solely of evidence of the intent of the contracting parties does not overcome the existence of disputed evidence and cannot support a finding that CKPD is entitled to summary judgment as a matter of law.
The holding of the Court of Civil Appeals, "whether or not correct on general principles," is the law of the case; thus, only new evidence presented on remand can be considered in deciding whether CKPD's renewed motion for a summary judgment should be granted. Viewing the new evidence in a light most favorable to the Stocktons, this Court concludes that that evidence consists solely of disputed testimony that CKPD and Samples Properties did not intend for the partial-assignment and the tenancy-in-common agreement to constitute a sale, and it does not establish that there is no genuine issue of material fact as to "whether CKPD's transfer of a 25% interest in the building to Samples Properties constituted a sale that would trigger the right of first refusal contained in the ground lease." 936 So.2d at 1081. Because the intent of contracting parties is a question of fact and because that intent was the subject of disputed evidence, the trial court erred in granting CKPD's renewed motion for a summary judgment based on the new evidence presented to it on remand.
Conclusion
Based on the foregoing, the judgment of the trial court is reversed and this case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.