MOORE, Judge.
In this case, M.M. (“the father”) challenges the constitutionality of the Putative Father Registry Act (“the PFRA”), Ala. Code 1975, § 26-10C-1 et seq., as applied to him.
On May 15, 2008, C.P. (“the stepfather”) filed a petition to adopt J.D. (“the child”), who was born on July 9, 2004. D.P. (“the mother”) joined the stepfather’s petition and consented to the adoption. In the petition, the stepfather and the mother alleged that the father had not complied with the PFRA. They further alleged that the child had resided with them in their marital home since August 26, 2006. The stepfather and the mother attached to their petition the child’s birth certificate, listing M.M. as the father, and a letter from the Alabama Department of Human Resources indicating that no one had registered with the department as the putative father of the child. The Marion Probate Court (“the probate court”) entered a final judgment approving the adoption on the same date the petition was filed.
On May 23, 2008, the father filed a motion to set aside the order of adoption and to transfer the case to the Marion Juvenile Court in order that the adoption petition could be consolidated with an ongoing custody case involving the parties and the child, which the father had initiated on October 5, 2007. The father asserted that the order of adoption should be *607 set aside because he had not been notified of the adoption petition as required and because the stepfather and the mother had failed to notify the probate court of the juvenile court’s prior custody orders, thereby depriving the probate court of the opportunity to conduct a hearing to fully investigate whether the adoption served the best interests of the child. The father further argued that the order of adoption violated his due-process and equal-protection rights under the Alabama Constitution of 1901 and the United States Constitution. After the probate court denied the motion on May 30, 2008, the father timely appealed.
On appeal, the father argues that the probate court violated his constitutional due-process and equal-protection rights by unreasonably applying the PFRA to him although he is an unwed father who has established a substantial parental relationship with the child. We need not consider that argument, however, because we hold that the judgment from which the father appeals is void.
Alabama Code 1975, § 26-10A-17(a), a part of the Alabama Adoption Code, Ala. Code 1975, § 26-10A-1 et seq., provides, in pertinent part, that notice of pendency of adoption proceedings
“shall be served by the petitioner on:
[[Image here]]
“(10) The father and putative father of the adoptee if made known by the mother or otherwise known by the court unless the court finds that the father or putative father has given implied consent to the adoption, as defined in Section 26-10A-9[, Ala. Code 1975].”
A “putative father” is “[t]he alleged or reputed father.” Ala. Code 1975, § 26-10A-2(12). A “father” is “[a] male person who is the biological father of [a] minor or is treated by law as the father.” Ala.Code 1975, § 26-10A-2(5). A male person is treated by law as the father of a child when he is a “presumed father” under the Alabama Uniform Parentage Act, Ala.Code 1975, § 26-17-1 et seq. (“the AUPA”). The AUPA presumes a male person to be the father of a child when, among other things, the male person, while the child is under the age of majority, receives the child into his home or otherwise openly holds out the child as his natural child or the mother and the father execute appropriate affidavits of paternity. Ala.Code 1975, §§ 26-17-5(a)(4) and 26-17-5(a)(6).
Alabama Code 1975, § 26-10A-9(a)(5), provides, in pertinent part, that consent to adoption may be implied by, among other things, failing to comply with § 26-10C-1. In turn, § 26 — 10C—l(i), Ala.Code 1975, provides:
“Any person who claims to be the natural father of a child and fails to file his notice of intent to claim paternity pursuant to subsection (a) prior to or within 30 days of the birth of a child born out of wedlock, shall be deemed to have given an irrevocable implied consent in any adoption proceeding.
“This subsection shall be the exclusive procedure available for any person who claims to be the natural father of a child born out of wedlock on or after January 1, 1997, to entitle that person to notice of and the opportunity to contest any adoption proceeding filed and pending on or after January 1,1997.”
Recently, in J.L.P. v. L.A.M., [Ms. 2070578, October 31, 2008] — So.3d(Ala.Civ.App.2008), this court held that a presumed father of a child has an unqualified right to object to a proposed adoption of that child if the presumed father has accepted the child into his home and has openly held out the child as his own. — So.3d at-(citing Ala.Code 1975, § 26- *608 10A-7(a)(8)d.). On the other hand, this court held in J.L.P. that a putative father is given only a conditional right to object to a proposed adoption, based on prior compliance with the PFRA. -So.3d at - (citing Ala.Code 1975, § 26-10A-7(a)(5)). The court concluded that, by granting presumed fathers greater rights of consent, the legislature intended that they would not lose those rights by mere failure or neglect to comply with the PFRA. — So.3d at -. Consistent with J.L.P., a father who is classified as a “presumed father” who has not otherwise waived notice or impliedly consented to the adoption by some reason other than noncompliance with the PFRA must be served with notice of the pendency of the adoption proceedings.
In this case, the father asserted in his affidavit in support of his motion to set aside the order of adoption facts indicating that he is a “presumed father.” He attested that he and the mother had executed affidavits of paternity pursuant to § 26-17-5(a)(6). He also averred that he had “accepted the child into [his] home and openly [held] out the child as [his] own” as required by § 26-17-5(a)(4). He supported the latter assertion by attaching photographs of him and the child at his home. The father further detailed his involvement with the child since the birth of the child. Additionally, the father indicated that the Marion Juvenile Court had awarded him visitation rights, which he had exercised, and that he had complied with a child-support order regarding the child entered by that same court. Based on the foregoing evidence, none of which the stepfather or the mother refuted, it is plain that the father is a presumed father entitled to notice of any adoption proceeding concerning the child. The record contains no evidence indicating that the father waived his right to such notice expressly or impliedly, notwithstanding his noncompliance with the PFRA.
Before entering its final judgment, the probate court did not notify the father of the pendency of the adoption proceeding. A judgment approving an adoption that is entered without notice to a party whose consent is required is void. Ex parte Stinson, 532 So.2d 636 (Ala.Civ.App.1988). A void judgment will not support an appeal. Fanner v. Fanner, 842 So.2d 679 (Ala.Civ.App.2002). Therefore, we dismiss the appeal.
APPEAL DISMISSED.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.
BRYAN, J., dissents, with writing.