37 So.3d 179 (2009)
M.M.
v.
D.P. and C.P.
2080592.
Court of Civil Appeals of Alabama.
October 30, 2009.
John V. Martine, Winfield, for appellant.
James K. Davis, Hamilton, for appellees.
MOORE, Judge.
M.M. ("the father") appeals from a judgment of the Marion Probate Court ("the probate court") granting a petition for adoption of J.D. ("the child") filed by the child's mother, D.P. ("the mother"), and *180 her husband, C.P. ("the stepfather"). We dismiss the appeal.
The parties have previously been before this court. See M.M. v. D.P., 10 So.3d 605 (Ala.Civ.App.2008). In M.M., the stepfather filed a petition to adopt the child, who was born on July 9, 2004. 10 So.3d at 606. The probate court entered a final judgment approving the child's adoption by the stepfather on May 15, 2008, the same date the petition was filed. Id. The father filed a motion to set aside the order of adoption, arguing, among other reasons, that he had not been notified of the adoption petition as required. Id. After his motion was denied by the probate court, the father timely appealed. Id. In dismissing the father's appeal, this court stated, in pertinent part:
"Alabama Code 1975, § 26-10A-17 (a), a part of the Alabama Adoption Code, Ala.Code 1975, § 26-10A-1 et seq., provides, in pertinent part, that notice of pendency of adoption proceedings
"`shall be served by the petitioner on:
"`. . . .
"`(10) The father and putative father of the adoptee if made known by the mother or otherwise known by the court unless the court finds that the father or putative father has given implied consent to the adoption, as defined in Section 26-10A-9[, Ala. Code 1975].'
"A `putative father' is `[t]he alleged or reputed father.' Ala.Code 1975, § 26-10A-2(12). A `father' is `[a] male person who is the biological father of [a] minor or is treated by law as the father.' Ala. Code 1975, § 26-10A-2(5). A male person is treated by law as the father of a child when he is a `presumed father' under the Alabama Uniform Parentage Act, Ala.Code 1975, § 26-17-1 et seq. (`the AUPA'). The AUPA presumes a male person to be the father of a child when, among other things, the male person, while the child is under the age of majority, receives the child into his home or otherwise openly holds out the child as his natural child or the mother and the father execute appropriate affidavits of paternity. Ala.Code 1975, §§ 26-17-5(a)(4) and 26-17-5(a)(6).
"Alabama Code 1975, § 26-10A-9 (a)(5), provides, in pertinent part, that consent to adoption may be implied by, among other things, failing to comply with § 26-10C-1. In turn, § 26-10C-1 (i), Ala.Code 1975, provides:
"`Any person who claims to be the natural father of a child and fails to file his notice of intent to claim paternity pursuant to subsection (a) prior to or within 30 days of the birth of a child born out of wedlock, shall be deemed to have given an irrevocable implied consent in any adoption proceeding.
"`This subsection shall be the exclusive procedure available for any person who claims to be the natural father of a child born out of wedlock on or after January 1, 1997, to entitle that person to notice of and the opportunity to contest any adoption proceeding filed and pending on or after January 1, 1997.'
"Recently, in J.L.P. v. L.A.M., [Ms. 2070578, October 31, 2008] ___ So.3d ___ (Ala.Civ.App.2008), this court held that a presumed father of a child has an unqualified right to object to a proposed adoption of that child if the presumed father has accepted the child into his home and has openly held out the child as his own. ___ So.3d at ___ (citing Ala.Code 1975, § 26-10A-7(a)(3)d.). On the other hand, this court held in J.L.P. that a putative father is given only a conditional right to object to a proposed *181 adoption, based on prior compliance with the PFRA [Putative Father Registry Act]. ___ So.3d at ___ (citing Ala.Code 1975, § 26-10A-7(a)(5)). The court concluded that, by granting presumed fathers greater rights of consent, the legislature intended that they would not lose those rights by mere failure or neglect to comply with the PFRA. ___ So.3d at ___. Consistent with J.L.P., a father who is classified as a `presumed father' who has not otherwise waived notice or impliedly consented to the adoption by some reason other than non-compliance with the PFRA must be served with notice of the pendency of the adoption proceedings.
"In this case, the father asserted in his affidavit in support of his motion to set aside the order of adoption facts indicating that he is a `presumed father.' He attested that he and the mother had executed affidavits of paternity pursuant to § 26-17-5(a)(6). He also averred that he had `accepted the child into [his] home and openly [held] out the child as [his] own' as required by § 26-17-5(a)(4). He supported the latter assertion by attaching photographs of him and the child at his home. The father further detailed his involvement with the child since the birth of the child. Additionally, the father indicated that the Marion Juvenile Court had awarded him visitation rights, which he had exercised, and that he had complied with a child-support order regarding the child entered by that same court. Based on the foregoing evidence, none of which the stepfather or the mother refuted, it is plain that the father is a presumed father entitled to notice of any adoption proceeding concerning the child. The record contains no evidence indicating that the father waived his right to such notice expressly or impliedly, notwithstanding his noncompliance with the PFRA.
"Before entering its final judgment, the probate court did not notify the father of the pendency of the adoption proceeding. A judgment approving an adoption that is entered without notice to a party whose consent is required is void. Ex parte Stinson, 532 So.2d 636 (Ala.Civ.App.1988)."
M.M., 10 So.3d at 607-08. This court dismissed the father's appeal because a void judgment will not support an appeal. 10 So.3d at 608 (citing Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002)).
The stepfather, joined by the mother, refiled his petition for adoption of the child ("the petition") in the probate court on January 9, 2009. On February 5, 2009, the father filed a motion requesting that the probate court quash or vacate the petition based on the stepfather's failure to obtain the father's consent as required by § 26-10A-7, Ala.Code 1975. The father alternatively requested that the probate court transfer the petition to the Marion Juvenile Court and consolidate it with the petition for custody of the child that had been filed by the father and "had been pending since October 5, 2007," or to stay the proceedings until a determination had been made on the petition for custody. That motion was denied on February 9, 2009.
After a hearing on February 18, 2009, the probate court entered a judgment on February 19, 2009, granting the adoption petition filed by the stepfather and ordering that the child was legally adopted by the stepfather. The probate court's judgment stated, in pertinent part:
"This cause coming on to be heard before the Court and it appearing to the satisfaction of the Court that the Petition for Adoption, as amended, and for change of name of [the child], is a Petition by [the] stepfather, and the Court *182 having determined that said minor child has resided in the home of his natural mother and stepfather for more than one year prior to the filing of this petition and it further appearing to the Court that the adoption is likely to be successful and is in the best interest of said minor child, and it further appearing to the Court that the natural mother has joined in the petition, and no valid reason being shown why said minor child should not be legally adopted, and for good cause shown, including, but not limited to the facts that neither [the father], nor none of his relatives made any attempts to contact, visit or support said minor child from December 12, 2008, the date the previous adoption order was declared void by the Alabama Court of Civil Appeals until the date of hearing on February 18, 2009; and that [the stepfather] since August 26, 2006, the date of marriage to the mother of said child; has almost single-handedly supported and cared for said child, without any complaints of his manner of caring for said child from anyone; and that from the testimony of the [mother], the care and concern for said child by [the stepfather] was so superior to the care and concern ever shown by [the father], who expressed more interest in filing petitions in court than caring for said child; the Court is of the opinion that the petition in this cause, as amended, should be and is therefore allowed."
The father filed a postjudgment motion; that motion was denied by operation of law. The father appealed.
The father first argues on appeal that he is the child's presumed father. In M.M., this court concluded that the facts contained in the affidavit filed by the father in support of his motion to set aside the adoption, which facts the mother and stepfather did not contest, established his status as a presumed father. 10 So.3d at 608. "`Under the doctrine of the "law of the case," whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.'" Stockton v. CKPD Dev. Co., LLC, 982 So.2d 1061, 1066 (Ala.2007) (quoting Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987)). "[U]nless the facts upon which the holding of the Court of Civil Appeals was predicated have changed, the holding of the Court of Civil Appeals is the law of the case." Stockton, 982 So.2d at 1066-67. Therefore, in the present case, unless the facts upon which our holding in M.M. was predicated have changed, our holding in M.M. is the law of the case for purposes of the renewed petition for adoption filed by the stepfather in the probate court and for purposes of this appeal.
The probate court conducted an ore tenus hearing at which the father again established through his testimony his status as the presumed father of the child. The mother and the stepfather once again did not present any evidence contradicting the father's claim, and, in fact, their testimony only confirmed that the father had executed an affidavit of paternity shortly after the child's birth, had received the child into his home, and had openly held himself out as the father of the child. Not surprisingly, given their testimony, in their brief on appeal the mother and the stepfather do not even argue that the father is not the presumed father of the child. The record shows that the facts upon which this court made its determination that the father is the presumed father of the child have not changed. Thus, pursuant to the law-of-the-case doctrine, the father is the child's presumed father.
*183 Section 26-10A-7, Ala.Code 1975, requires that consent to an adoption shall be required of, among others, the adoptee's presumed father. The Comment to § 26-10A-7 states, in pertinent part: "The relinquishment, or the actual or implied consent (see section 26-10A-9[, Ala.Code 1975]) of all persons specified in section 26-10A-5[, Ala.Code 1975,] must be obtained for the adoption to become final. In effect, the persons listed in section 26-10A-7 have an absolute veto power over the proposed adoption."
In this case, the evidence is undisputed that the father did not give his express consent to the adoption of the child. Section 26-10A-9, Ala.Code 1975, lists certain acts by a parent that constitute an implied consent to adoption. In its judgment, the probate court found that the father had not visited or supported the child for three months following this court's dismissal in M.M. However, § 26-10A-9(a)(3) enumerates a period of six months of "[k]nowingly leaving the adoptee with others without provision for support and without communication, or not otherwise maintaining a significant parental relationship with the adoptee," before that action will be considered an implied consent to the child's adoption. Hence, we cannot conclude that the probate court properly found that the father had impliedly consented to the adoption. Rather, it appears that the probate court granted the adoption without the consent of the presumed father of the child based on its conclusion that the stepfather had been and would continue to be a better parent for the child.
We conclude that the father remains the child's presumed father because the facts upon which this court made that determination in M.M. have not changed. Pursuant to § 26-10A-7, in order for the adoption to proceed, the father's consent to the adoption was required. Because the probate court did not find that the father had consented to the adoption, the probate court was without jurisdiction to grant the stepfather's petition and its judgment purporting to do so is void. Because a void judgment will not support an appeal, we dismiss this appeal. See M.M., 10 So.3d at 608; and Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, without writing.